IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| McANDREWS LAW OFFICES, P.C.<br>30 Cassatt Avenue<br>Berwyn, Pennsylvania 19312<br><br>v.<br><br>SCHOOL DISTRICT OF PHILADELPHIA<br>440 North Broad Street<br>Philadelphia, Pennsylvania 19130 | CIVIL ACTION<br><br>No.<br><br>Jury Trial Demanded |

## COMPLAINT

### I. Preliminary Statement

1. Plaintiff McAndrews Law Offices, P.C. ("Plaintiff" or "McAndrews") brings this action against Defendant School District of Philadelphia ("Defendant" or the "District") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 42 U.S.C. § 1400 et seq. McAndrews represented a family in a Pennsylvania Special Education Due Process proceeding brought against the District pursuant to IDEA and other applicable law. In that case, McAndrews negotiated, on behalf of its clients, a settlement agreement with the District that was agreed to by the parties. In the settlement agreement, the District explicitly agreed to pay McAndrews reasonable attorneys' fees and costs within 60 days of McAndrews providing a detailed invoice to the District. As contemplated by the agreement, McAndrews has provided to the District a detailed invoice of its fees and costs; however, in violation of the agreement, the District has failed to pay or even offer to pay reasonable attorneys' fees and costs. Indeed, despite multiple recent attempts to attempt to discuss this matter with the attorney for the District, the District has failed to respond in any way to McAndrews' attempts to resolve this matter short of initiating litigation. Therefore, McAndrews

brings this action seeking to recover its reasonable attorney's fees and costs to which it and the family represented are entitled under IDEA and the settlement agreement thereunder.

## II.     Parties

2.     Plaintiff is a professional corporation maintaining a principal place of business located at 30 Cassatt Avenue, Berwyn, Chester County, Pennsylvania 19312.

3.     Defendant School District of Philadelphia is located at 440 North Broad Street, Philadelphia, Philadelphia County, Pennsylvania, 19130.  The District is the recipient of several sources of federal funds and is an educational agency designated by Pennsylvania law and the Pennsylvania Department of Education for the provision of educational services to individuals residing within its boundaries; such services include those mandated under IDEA as well as Pennsylvania's statutory/regulatory scheme concerning young children with disabilities. 11 P.S. § 875-101; 22 Pa. Code §§ 14.131 to 14.133; see also, e.g., 24 P.S. Chapter 13; and 22 Pa. Code Chapters 14 and 15.

## III.    Jurisdiction and Venue

4.     This Court has original jurisdiction over the dispute in this matter this matter pursuant to 28 U.S.C. § 1331, because it raises federal questions under IDEA.  Moreover, in the settlement agreement at issue, the parties agreed that the settlement would be treated as a settlement that was entered into as a result of a resolution session pursuant to IDEA, 20 U.S.C. § 1415(f)(1)(B), which specifically renders the agreement "enforceable in a district court of the United States." 20 U.S.C. § 1415(f)(1)(B)(iii)(II).  See also 34 C.F.R. §300.510.

5.     All of the Defendant's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.  Venue is

appropriate in this District pursuant to 28 U.S.C. § 1391.

## IV. Additional Facts Supporting Liability

6. McAndrews represented "C.F.", a student in the Defendant District, and his parents on his behalf, in a Special Education Due Process proceeding filed against the District on December 23, 2014 (the "C.F. case"). The Due Process complaint filed on behalf of C.F. raised claims pursuant to IDEA, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C.A. § 794, and Chapters 14, and 15 of the Pennsylvania Code. The complaint sought, *inter alia*, an award of payment for an independent educational evaluation ("IEE") of C.F, and reasonable attorneys' fees and costs. Following the completion of the IEE, the family, through their counsel, McAndrews, also requested compensatory education services and funding for a private school placement.

7. McAndrews, as a result of its efforts in litigating this matter, negotiated on behalf of the family a settlement with the Defendant District. This settlement resulted in the execution of a written settlement agreement (the "C.F. Agreement").[1]

8. Paragraph 5 of the C.F. Agreement provides that, "The District will, within sixty (60) days of receiving detailed invoice and fully executed Settlement Agreement, pay reasonable attorney fees and costs to the McAndrews Law Offices, attn: Michael J. Connolly, Esquire, for time expended and costs on this matter to the date of this Agreement. The Agreement to pay attorney fees and costs is not an admission that Parent is a "prevailing party" pursuant to IDEA, 20 U.S.C.

---

[1] Because the terms of the C.F. Agreement in this matter provide that these terms shall remain confidential, Plaintiff does not attach the agreement at issue to this Complaint, but instead cites to relevant language in the agreement. Plaintiff will, with the consent of Defendant, file with the Court appropriately redacted copies of the agreement or, if the Court wishes, will make copies of the agreement available for the Court's *in camera* inspection.

§1415(i)(3)(B)."

9. Paragraph 9(f) of the C.F. Agreement provides: "The Parties agree that this Agreement is a Written Settlement Agreement reached pursuant to the Resolution Process under 34 C.F.R. § 310.510 and 20 U.S.C. § 1415(f)(1)(B)...." Pursuant to this language and the applicable statutory and regulatory provisions, this Court has jurisdiction to enforce the terms of the C.F. Agreement.

10. McAndrews is an intended, express beneficiary of the C.F. Agreement in that the District agreed to pay McAndrews reasonable attorney fees and costs, and is a real party in interest with standing to bring this action to obtain such reasonable fees and costs. See McAndrews Law Offices v. School District of Philadelphia, 2007 WL 515412 at **2-3 (E.D. Pa. 2007) (McAndrews is third party beneficiary of provision of settlement agreement providing for paying of reasonable attorneys' fees and costs, and is real party in interest with standing to bring suit to enforce its interest). Moreover, the representation agreement that the family entered into with McAndrews provided that the family assigned to McAndrews the right to apply for and collect any attorneys' fee award which could be made by a court.

11. On or about August 28, 2015, McAndrews provided to counsel for the District the detailed invoice contemplated in paragraph 5 of the C.F. Agreement, which showed that McAndrews had expended $11,433.70 in reasonable attorneys' fees and costs in the C.F. matter.

12. To date, the District has not paid, or offered to pay, McAndrews reasonable attorneys' fees and costs as provided in paragraph 5 of the C.F. Agreement.

13. As of February 17, 2016, the District owes McAndrews $12,562.00 in reasonable attorneys' fees and costs for McAndrews' work in the C.F. case, and additional fees will be due and

owing for the pursuit of this action as a prevailing party under IDEA.

V.  **Relief Requested**

Plaintiff respectfully requested that this Court accept jurisdiction of this matter, and enter an award of reasonable attorneys' fees and costs to Plaintiff in the amount of $12,562.00, plus additional fees incurred in this matter, and award further relief as required by the interests of justice.

Respectfully submitted,

_____
Dennis C. McAndrews, Esquire
ID No. 28012

_____
Michael C. Connolly, Esquire
ID No. 82065

_____
Michael Gehring, Esquire
ID No. 57224

Attorneys for Plaintiff
McANDREWS LAW OFFICES, P.C.
30 Cassatt Avenue
Berwyn, Pennsylvania 19312
Tele: 610-648-9300